**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| TREMAINE RHINES, HALEY CAGE, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>INDIANA PACKERS CORPORATION,<br><br>    Defendant. | Case No.: 4:22-cv-00057-PPS-AZ |

## AMENDED SETTLEMENT AGREEMENT AND RELEASE

1.  This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is entered into between Plaintiffs Tremaine Rhines and Haley Cage (collectively the "Named Plaintiffs"), on behalf of themselves and all other similarly situated individuals, and Defendant Indiana Packers Corporation ("Indiana Packers" or "Defendant"), subject to the approval of the Court.

### I.  DEFINITIONS

2.  As used in this Settlement Agreement, the following terms shall have the following meanings:

a.  "CAFA Notice" means the notice to be sent by the Claims Administrator or Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

b.  "Claims Administrator" means Rust Consulting, Inc.

c.  "Claim and Opt-In Form" means the form provided for Settlement Class Members to submit under penalty of perjury in order to obtain a Settlement Award under this Settlement Agreement. A template Claim and Opt-In Form is set forth in Exhibit B attached to this Settlement Agreement. A "Claim and Opt-In Form" is also referred to herein as a "Claim Form." Original FLSA Collective Members do not need to submit a Claim Form.

d.  "Claims Released" with respect to the Named Plaintiffs means any and all claims, demands, rights, liabilities, damages, penalties, liquidated damages, punitive damages, actions, causes of action and/or other legal responsibilities, in any form whatsoever, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date of final approval of this settlement by the Court, and (b) have been or could have been asserted by the Named Plaintiffs, or an agent, successor, assign, heir, executor or administrator of the Named

**EXHIBIT 1**

Plaintiffs, whether directly, indirectly, representatively, derivatively or in any other capacity, against Indiana Packers. The Claims Released include, but are not limited to, all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, all claims arising under any wage law, including the Indiana wage payment, wage demand, and wage claims laws, all claims for attorneys' fees, costs and expenses, and all claims under Indiana or any other federal, state, or local law, whether arising or emanating from statute, executive order, rule, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, quasi-contract, and equity (including, restitution, unjust enrichment and quantum meruit), and including those claims that were asserted or could have been asserted in this Class and Collective Action, and all claims relating to, arising out of, or in any way connected with Named Plaintiffs' current and/or former employment, the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment and/or any other interaction with Indiana Packers which occurred prior to the date of final approval of this settlement by the Court. Claims Released, however, does not include workers' compensation claims.

e.    "Claims Submission Period" means the time period of sixty (60) days commencing on the date when the Collective and Class Notice and Claim and Opt-in Form are initially mailed to the Settlement Class, in which Settlement Class Members may submit their executed Claim Forms to receive a Settlement Award under this Settlement Agreement.

f.    "Class and Collective Action" means the civil action, as amended, titled *Tremaine Rhines and Haley Cage v. Indiana Packers Corporation*, presently pending in the United States District Court for the Northern District of Indiana, Civil Action No. 4:22-cv-00057-PPS-AZ.

g.    "Class Counsel" means (i) Johnson Becker, PLLC and (ii) Hovde Dassow & Deets, LLC.

h.    "Collective and Class Notice" means the Notice of Proposed Class Action Settlement to be sent to the Settlement Class, pursuant to the terms of the Court's Preliminary Approval Order. The Collective and Class Notice shall be substantially in the form attached as Exhibit A to this Settlement Agreement. The "Collective and Class Notice" is also referred to as the "Class Notice."

i.    The terms "Defendant" and/or "Indiana Packers" shall encompass the following: (1) Indiana Packers Corporation and any subsidiary, successor, assign or division thereof; and (2) any employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subparagraph 2(i)(1) and (2).

j.    "Effective Date" means either (a) if no objections are timely filed, the date of Final Approval of this Settlement Agreement by the Court; (b) if objections are filed but no appeal is filed, the expiration date of the time for filing notice of any appeal from the Final Approval Order by the Court; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of an appeal of that Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Order if affirmed and, if the certiorari be granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final

dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

     k.    "Eligible Class Member" means all Settlement Class Members who return a timely Claim and Opt-In Form to the Claims Administrator and / or who previously filed a timely consent to sue, so long as the class member does not opt out of the Indiana State Claims Class. Original FLSA Collective Members who do not opt-out of the Indiana State Claims do not need to submit a Claim Form or Information Form unless they dispute the hours they worked in an Associate Production role, the location in which they primarily worked or whether they were involuntarily terminated.

     l.    "Gross Settlement Amount" means the maximum amount of funds that Indiana Packers shall pay in exchange for the release of all Settled Claims by the Named Plaintiffs and the Settlement Class Members. The Gross Settlement Amount shall be the sum of $775,000.00. In no event shall the Gross Settlement Amount exceed that sum, plus the employer's share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members to the extent required by law. Upon a diligent and good faith review of its payroll records, Indiana Packers has estimated that as of June 27, 2025, there were approximately 5,500 Settlement Class Members.

     m.    "Implementation Schedule" means the dates agreed upon by counsel for the Parties and approved by the Court for implementing the Settlement Agreement. The Implementation Schedule shall be set forth in the parties' Motion for Preliminary Approval.

     n.    "Net Settlement Amount" means the Gross Settlement Amount of $775,000 less (i) the Ten Thousand Dollar ($10,000) enhancement fund set aside for the two Named Plaintiffs (allocated at $5,000 each) for their efforts in bringing and prosecuting this matter; (ii) the payment of attorneys' fees to Plaintiffs' counsel, not to exceed one-third of the Gross Settlement Amount, and the payment of out-of-pocket expenses incurred by Plaintiffs' Counsel, which are currently approximately $9,000; (iii) a maximum of $50,000 for the Claims Administrator's estimated costs of the settlement administration; and (iv) $50,000 to be set aside for the payment of agreed and allowed late claims.

     o.    "Parties" means the Named Plaintiffs and Defendant.

     p.    "Released Parties" means (i) Indiana Packers; (ii) any subsidiary, parent company, shareholder, affiliated entity, related entity, successor, assign, or division of Indiana Packers; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, member, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subparagraph 2(p)(1) and (2).

     q.    "Named Plaintiffs" means Tremaine Rhines and Haley Cage (also referred to herein as "Plaintiffs").

     r.    "Settled Claims" means, without limitation, "Settled Claims Under Indiana Law" and "Settled Claims Under the Fair Labor Standards Act."

s.    "Settled Claims Under Indiana Law" means any and all claims, whether known or unknown, which were asserted, or could have been asserted, on behalf of Settlement Class Members (or their agents, successors, assigns, heirs, executors or administrators) in *Tremaine Rhines and Haley Cage v. Indiana Packers Corporation*, filed in the United States District Court for the Northern District of Indiana, Civil Action No. 4:22-cv-00057-PPS-AZ, accruing any time prior to the date of final approval of this settlement by the Court and arising under Indiana statutory and/or common law, including but not limited to claims under the Indiana Wage Demand Act (Ind. Code § 22-2-4-1, *et. seq.*), the Indiana Wage Payment Act (Ind. Code § 22-2-5-1, *et. seq.*), breach of contract, quasi-contract, and unjust enrichment.

t.    "Settled Claims Under The Fair Labor Standards Act" means any and all claims, whether known or unknown, which were asserted, or could have been asserted, on behalf of Settlement Class Members (or their agents, successors, assigns, heirs, executors or administrators) in *Tremaine Rhines and Haley Cage v. Indiana Packers Corporation*, filed in the United States District Court for the Northern District of Indiana, Civil Action No. 4:22-cv-00057-PPS-AZ, accruing any time prior to the date of final approval of this settlement by the Court and arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

u.    "Settlement Agreement" means this Agreement and all Exhibits attached to it.

v.    "Settlement Award" means the gross payment that each Settlement Class Member shall be entitled to receive pursuant to the terms of the Settlement Agreement if he or she timely submits a valid Claim Form signed under penalty of perjury or previously timely filed a consent to sue with the Court.

w.    "Settlement Class" means all current and former non-exempt hourly Associate Production employees who were employed by Indiana Packers at its Delphi, Indiana and Frankfort, Indiana facilities between July 18, 2022 and the date of preliminary approval of this Settlement Agreement, provided those employees worked for a total of more than 40 hours. The Settlement Class also includes those current or former non-exempt hourly Associate Production employees (not otherwise included in the previous sentence) who have previously timely opted in to the FLSA collective in this matter. A list of all current and former such employees, including their name, last known address, last known personal email address (to the extent readily available), last known telephone number, social security number, their primary location worked (Delphi or Frankfort), their employment dates and hours worked in an Associate Production role, and whether they were involuntarily terminated shall be provided by Defendant to the Claims Administrator within thirty (30) business days after preliminary approval. A member of the Settlement Class shall be referred to herein as a "Settlement Class Member."

x.    "Original FLSA Collective Member(s)" means all current or former non-exempt hourly Associate Production employees who previously timely opted-in to the FLSA Collective in this matter by timely filing a consent to sue. A list of all current and former such employees, including their name, last known address, last known personal email address, last known telephone number, the date their Consent to Sue was filed with the Court, and whether the employee will receive Notice shall be provided by Class Counsel to the Claims Administrator within thirty (30) business days after preliminary approval. Within thirty (30) business days after preliminary approval, Defendant shall provide to the Claims Administrator the social security numbers, their

primary location worked (Delphi or Frankfort), their employment dates and hours worked in an Associate Production role, and whether they were involuntarily terminated for these employees All Original FLSA Collective Members are members of the Settlement Class.

y.    "Settlement Fairness Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Settlement Class and an opportunity for Settlement Class Members to participate in or exclude themselves from the Settlement Class and the proposed settlement, at which time the Parties will request the Court to approve the fairness, reasonableness and adequacy of the terms and conditions of the proposed settlement and this Settlement Agreement and to enter an Order of Final Approval and Final Judgment (the "Final Approval Order").

z.    "Notice to Original FLSA Collective Members" means the notice to be sent to the Original FLSA Collective Members who were employed on or after July 18, 2022. The Notice for Original FLSA Collective Members shall be substantially in the form attached as Exhibit C to this Settlement Agreement. The Notice to Original FLSA Collective Members and the Collective and Class Notice shall collectively be referred to as "notice."

aa.    "Information Form" means the form provided to Original FLSA Collective Members entitled to notice notifying them of the number of hours they worked as an Associate Production Team Member, whether they primarily worked in the Delphi or Frankfort facility and whether they were involuntarily terminated. A template Information Form is set forth in Exhibit D attached to this Settlement Agreement. If an Original FLSA Collective Member disputes the data on the Information Form, they must make corrections on the Information Form, sign it under penalties of perjury and return the form to the Claims Administrator within 60 days after the mailing of the Notice to Original FLSA Collective Members.

## II.    **RECITALS**

3.    Plaintiffs filed a Collective and Class Action Complaint in the United States District Court for the Northern District of Indiana on August 29, 2022. Plaintiffs filed an Amended Collective and Class Action Complaint on July 15, 2024.

4.    Plaintiffs retained Class Counsel to pursue their legal claims. In reaching this settlement, Class Counsel coordinated their efforts to further the best interests of the Collective and Class.

5.    On October 8, 2024, the Parties participated in an in-person mediation in Brentwood, Tennessee overseen by Michael Russell. The parties continued to utilize Mr. Russell following the in-person mediation and subsequently reached the settlement which is set forth in this Agreement, subject to Court approval.

6.    Class Counsel and Counsel for Defendant have conducted relevant discovery and investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendant.

7.    Based upon Class Counsel's investigation, legal evaluation and taking into account the contested legal and factual issues involved, the undisputed fact of Indiana Packers' practice of

providing additional compensation to its employees for time spent on donning/doffing, travel and related activities, and Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Settlement Class pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Indiana Packers on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Named Plaintiffs and the Settlement Class.

8.    Indiana Packers has asserted defenses to the claims alleged in this case and expressly denies each of the claims asserted against it and any and all liability arising out of the conduct alleged against Defendant. Indiana Packers contends, specifically, that it has complied at all times with the Fair Labor Standards Act, Indiana wage law, and Indiana statutory and common law; and that it paid the Named Plaintiffs and Settlement Class Members all wages and other payments owing to them under applicable federal and state law. Defendant further contends that the additional paid allocation that it provides to its hourly employees for donning/doffing, travel and related activities fully and properly compensates the employees for the time spent on those activities. Indiana Packers nevertheless desires to settle the Class and Collective Action and all claims that are or could be asserted by the Plaintiffs and Settlement Class Members. Indiana Packers has concluded that further defense of the Class and Collective Action would be protracted and expensive. Substantial amounts of time, energy and resources of Indiana Packers have been and, unless this settlement is made, will continue to be devoted to the defense of the claims asserted in the Class and Collective Action. Indiana Packers has, therefore, agreed to settle this matter in the manner and upon the terms set forth in this Settlement Agreement in order to put to rest the claims as set forth in the Class and Collective Action. The parties specifically agree that the agreement of Indiana Packers to settle this matter is not and cannot be construed as an admission of any wrongdoing whatsoever by Indiana Packers against the Named Plaintiffs and Settlement Class Members.

9.    For purposes of settling this lawsuit, the Parties stipulate and agree that the requisites for establishing class and collective action certification with respect to the Settlement Class Members as defined above have been and are met. The Parties agree that this limited stipulation is for settlement purposes only and will not be deemed admissible for any purpose in this or any other proceeding. It is the position of Indiana Packers that if this matter were to be litigated, class certification and/or collective action treatment would be inappropriate, because of, among other things, manageability problems related to individual issues and that it would prevail on the merits.

10.    NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the Class and Collective Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

### III.    THE CLASS AND COLLECTIVE ACTION DEFINITIONS

11.    Indiana State Claims Class Definition. For settlement purposes only, the Parties agree that the Settlement Class may be certified pursuant to Fed. R. Civ. P. 23(b)(3) and may be referred to as the "Indiana State Claims Class." See Paragraph 2(w), above (defining "Settlement Class").

12. <u>FLSA Collective Definition</u>. For settlement purposes only, the Parties agree that the Settlement Class may also be certified as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b) and may be referred to as the "FLSA Collective".

13. <u>Circumstances Under Which This Agreement May Become Null and Void</u>. If this Settlement Agreement and the settlement terms it memorializes are not finally approved by the Court, the agreements for class and collective action certification contained herein shall become null and void, and any Court order certifying such collective and class pursuant to this Agreement shall be vacated without prejudice to the right of the Parties to seek or oppose certification. Additionally, if more than 5% of the Settlement Class Members formally request exclusion from (opt out of) the settlement, Defendant may, at its option, declare this Settlement Agreement, and the terms it memorializes, null and void. No later than five (5) business days after the expiration of the Claims Submission Period, the Claims Administrator shall provide Counsel for the Parties with a declaration setting forth (a) the total number of Settlement Class Members who were sent the Class Notice or Notice to Original FLSA Collective Members; (b) the total number of Settlement Class Members who returned Claim Forms; and (c) the total number of Settlement Class Members who filed timely requests for exclusion. Upon receipt of such written notice from the Claims Administrator, Defendant shall have five (5) business days to exercise any rights it possesses under this paragraph to declare the Settlement Agreement, and the terms it memorializes, null and void, and any such notice must be in writing addressed to all Class Counsel. Absent Defendant providing this written nullification notice, this Settlement Agreement, and the terms it memorializes, shall become effective, subject to Court approval, on the eleventh business day following the deadline for opt-outs and for the return of Claim Forms.

## IV.    **RELEASES**

14. <u>Release by Named Plaintiffs and Settlement Class Members</u>. It is hereby agreed, by and between the Named Plaintiffs, Settlement Class Members and Defendant, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing whatsoever by Defendant, that upon entry of the Final Approval Order:

a.    Named Plaintiffs shall be deemed to have released and forever discharged the Released Parties from any and all Claims Released, whether known or unknown.

b.    Each Settlement Class Member in the Indiana State Claims Class who shall be bound by all terms of the Settlement Agreement and the Final Approval Order and shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims Under Indiana Law, whether known or unknown, unless he or she timely opts out of the Settlement Agreement. For avoidance of doubt, all Original FLSA Collective Members, by virtue of their previous submission of a consent to sue, shall be deemed to have already consented to jointly and severally release and discharge the Released Parties from any and all Settled Claims Under Indiana Law, whether known or unknown.

c.    Each Settlement Class Member of the FLSA Collective, who elects to participate and submits a timely and valid Claim Form, shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims under the Fair Labor

7

Standards Act, whether known or unknown. For avoidance of doubt, all Original FLSA Collective Members, by virtue of their previous submission of a consent to sue, shall be deemed to have consented to jointly and severally release and discharge the Released Parties from any and all Settled Claims Under the Fair Labor Standards Act, whether known or unknown.

     d.    Release Language on Settlement Checks. The Claims Administrator shall include the following release language, in English and Spanish, on the back of each settlement check:

> My signature or cashing of this check constitutes a full and complete release of Indiana Packers Corporation, their parent, affiliated and related entities, their predecessors, and their officers and employees, by me for any and all claims I agreed to settle by submitting a consent to sue and / or claim form to participate in the settlement of *Tremaine Rhines and Haley Cage v. Indiana Packers Corporation*, filed in the United States District Court for the Northern District of Indiana, Civil Action No. 4:22-cv-00057-PPS-AZ, as well as my acknowledgment that I accept this check as payment in full for all claims that were, or could have been, alleged on my behalf in the Amended Complaint.

## V.    COLLECTIVE AND CLASS NOTICE, CLAIMS PROCESS AND SETTLEMENT FAIRNESS HEARING

    15.    Procedures. As part of this Settlement Agreement, the Parties agree to the following procedures for requesting the Court's final approval of the Settlement Agreement as it relates to the FLSA Collective, Court's preliminary approval of the Settlement Agreement as it relates to the Indiana State Claims Class, certifying the Settlement Class and FLSA Collective, notifying the Settlement Class, requesting final Court approval of the Settlement Agreement and processing the Settlement Awards.

    16.    Preliminary Approval. The Parties will file with the Court a Joint Motion for Preliminary Approval of the Settlement Agreement as soon as practicable after the execution of the Settlement Agreement and shall appear for a hearing if the Court so orders.

    17.    Submission of Settlement Agreement. The Parties will jointly submit this Settlement Agreement and all supporting exhibits, which shall set forth the terms of this settlement and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement.

    18.    Request for Preliminary Approval Order. Solely for purposes of this Settlement Agreement, the Parties will request the Court to enter a Preliminary Approval Order, preliminarily approving the proposed settlement, certifying the Settlement Class and FLSA Collective for settlement purposes only, and setting a date for the Settlement Fairness Hearing. The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Settlement Class as specified herein. Within ten days after the submission of this proposed Settlement Agreement to the Court, the Claims Administrator or Defendant will give notice to the affected states and the Attorney General pursuant to CAFA.

19.    <u>Collective and Class Notice and Notice to Original FLSA Collective Members</u>. Notice of the settlement shall be provided to the Settlement Class. The Parties agree that the proposed procedures for notice provide the best practicable notice to the Settlement Class:

a.    As directed and approved by the Court, the Claims Administrator shall be responsible for preparing, printing and mailing to the respective Settlement Class Members the Collective and Class Notice, the Notice to Original FLSA Collective Members, the Claim and Opt-In Form and the Information Form attached to this Settlement Agreement as Exhibits A, B, C and D. Original FLSA Collective Members who ceased being employed prior to July 18, 2022 do not need to receive notice and information forms as they have already executed and filed with the Court consents to sue agreeing to be bound by any settlement.

b.    Thirty (30) business days after preliminary approval, Defendant shall provide to the Claims Administrator a database identifying the Settlement Class Members as set forth in Paragraph 2(w), above.

c.    In order to provide the best notice practicable, the Claims Administrator will do the following before mailing the Collective and Class Notice, the Notice to Original FLSA Collective Members, the Claim Form and the Information Form: (1) run the class list through the United States Postal Service's National Change of Address database ("NCOA"); and (2) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus.

d.    Forty-five (45) business days after preliminary approval, the Claims Administrator shall send a copy of the relevant notices (i.e. the Collective and Class Notice substantially in the form attached hereto as Exhibit A and the Notice to Original FLSA Collective Members substantially in the form attached hereto as Exhibit C ) and a Claim Form / Information Form substantially in the form attached hereto as Exhibits B and D, to the respective members of the Settlement Class via first-class mail, postage prepaid, using the most current mailing address information available as set forth above. The Claims Administrator shall also send the relevant copy of these notices and forms via email to members of the Settlement Class for whom it has been provided email addresses.

e.    Any notice returned to the Claims Administrator as non-delivered before the deadline set forth in the Implementation Schedule for Class Members to mail Claim Forms shall be sent to the forwarding address affixed thereto. If no forwarding address is provided for a notice that is returned as non-delivered, then such notices will be re-sent by the Claims Administrator after the address is updated using the procedures described in paragraph 19(c). The undelivered notices will be re-sent within five (5) business days after the Claims Administrator receives notice that the document was undeliverable. The Claims Administrator shall also call last-known telephone numbers (and telephone numbers updated through public and proprietary databases) of Settlement Class Members whose notice is returned as non-delivered to attempt to obtain their current addresses.

f.    The objection and opt-out deadlines shall not be extended *pro-rata* for members of the Settlement Class whose original notices are re-mailed pursuant to Paragraph 19(e).

g.    The Claims Administrator shall send a reminder postcard, based on the language of the respective notice to all Settlement Class Members (other than Original FLSA Collective Members) who have not submitted Claim Forms or Requests for Exclusion, thirty (30) days after the mailing of the notice.

h.    No Settlement Class Member shall have the right to obtain any payment through this Settlement Agreement unless the Class Member has previously timely submitted a consent to sue or submits a completed Claim and Opt-in Form, signed under penalty of perjury, on or before the deadline set forth in the Implementation Schedule. Claim Forms submitted by Settlement Class Members which are postmarked subsequent to the date set forth in the Implementation Schedule shall be forwarded by the Claims Administrator to Class Counsel and Defendant's counsel. Counsel for the Parties shall meet and confer regarding the validity of those Claim Forms, and those Claim Forms shall be deemed presumptively valid so long as there are funds remaining in the Qualified Settlement Fund and/or the Escrow Account for the payment of claims, as described further below.

i.    In addition to the notice procedures set forth above, Defendant may also provide notice of the settlement to, and communicate about the settlement with, all of its current employees who are Settlement Class Members and may collect executed Claim and Opt-In Forms and provide them to the Claims Administrator. Communication about the settlement by Defendant with Settlement Class Members who are current employees shall be for informational purposes only and pursuant to Paragraph 22.

20.    Requests for Exclusion. The notices shall provide that Settlement Class Members who wish to exclude themselves from the settlement must submit a written statement requesting exclusion from the settlement ("opt-out"), postmarked on or before the date specified in the Implementation Schedule (60 days after the mailing of the notice). Such written request for exclusion must contain the name, address, email address (if available), and telephone number of the person requesting exclusion and the dates of his or her employment by Defendant. The opt-out request must be personally signed by the Settlement Class Member who seeks to opt out. No opt-out request may be made on behalf of a group of Settlement Class Members. The opt-out request must be sent by mail to the Claims Administrator and must be timely postmarked as set forth above, except that the Claims Administrator may, upon consultation with counsel for all Parties and good cause shown, extend the due date for mailing the opt-out request. The postmark date of the mailing envelope shall be the exclusive means used to determine whether a request for exclusion (opt-out) has been timely submitted. Any Settlement Class Member who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

21.    Objections. The notice shall provide that those members of the Settlement Class who wish to object to the settlement must mail a written statement of objection on or before the date set forth in the Implementation Schedule to the Claims Administrator (60 days after the mailing of the notice), including their name, address, email address (if available), and telephone number. The postmark date of the mailing shall be the exclusive means for determining that a Notice of Objection is timely. The Notice of Objection must state the basis for the objection and contain copies of all papers in support of their position. Members of the Settlement Class who fail to make objections in the manner specified above shall be deemed to have waived any objections

10

and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

22.   <u>No Encouragement of Objections or Appeals</u>. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Settlement Class to opt-out of the settlement, submit written objections to the settlement, or appeal from the Final Approval Order.

23.   <u>Determination of Settlement Award Eligibility</u>.

a.   <u>Submission of Valid Claim Form</u>. All Settlement Class Members who previously timely submitted a consent to sue or who submit a valid and timely Claim and Opt-In Form (and who do not otherwise opt-out of the settlement) will be eligible to receive a Settlement Award. The Claim Form shall include instructions on how to submit the form, and shall notify recipients that the form must be completed, signed under penalty of perjury and postmarked by no later than the date specified in the Implementation Schedule (60 days after the mailing of the Notice and Claim Forms). The Claim Form and Information Form shall also include the number of hours worked by the Settlement Class Member, where they primarily worked (Delphi or Frankfort) and whether the Settlement Class Member was involuntarily terminated because the allocation of the Net Settlement Amount will be based, in part, on the work tenure of the Settlement Class Member with Defendant. Original FLSA Collective Members who wish to dispute the information contained on the Information Form must return to the Claims Administrator a corrected form signed under penalty of perjury. The corrected Information Form must be postmarked by no later than 60 days after the mailing of the Notice to the Original FLSA Collective Members.

b.   <u>Late Claim Forms</u>. Claim Forms submitted by Settlement Class Members which are postmarked subsequent to the date set forth in the Implementation Schedule shall be forwarded by the Claims Administrator to Class Counsel and Defendant's counsel. Those Claim Forms shall be deemed presumptively valid so long as there are amounts remaining in the Qualified Settlement Fund and/or in the Escrow Account.

24.   <u>Interim Report by the Claims Administrator</u>. No later than five (5) business days prior to the date of the Settlement Fairness Hearing, the Claims Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Collective and Class Notice and Notice to Original FLSA Collective Members; (b) the total number of Settlement Class Members who were sent the Collective and Class Notice and Notice to Original FLSA Collective Members; (c) the total number of Settlement Class Members who returned Claim Forms; and (d) the total number of Settlement Class Members who filed timely requests for exclusion or objections to the settlement, along with the complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection.

25.   <u>Settlement Fairness Hearing</u>. The Parties shall request that the Court schedule the Settlement Fairness Hearing to take place ninety (90) days after the notices are mailed to Settlement Class Members, to determine final approval of the settlement along with the amounts properly payable for (i) attorneys' fees and costs; (ii) the payments to Named Plaintiffs for their time and effort in bringing and prosecuting this matter, and (iii) the costs of administration of the

11

settlement. At the Settlement Fairness Hearing or upon final approval of the settlement by the Court, the Parties shall present the Final Approval Order to the Court for its approval and entry. After entry of the Final Approval Order, the Court shall have continuing jurisdiction for purposes of addressing (i) settlement administration matters; (ii) such post-Final Order matters as may be appropriate under Court rules or as set forth in this Settlement Agreement; and (iii) ruling on the stipulated request for dismissal of the entire action with prejudice when all aspects of the settlement have been consummated.

26.    Implementation Schedule. The Named Plaintiffs and Defendant agree that the Implementation Schedule shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on (i) the mutual consent of counsel for the Parties, (ii) delays due to the Court's schedule, or (iii) by Order of the Court.

## VI.    SETTLEMENT FUNDS AND SETTLEMENT AWARD CALCULATION

27.    Gross Settlement Amount.

a.    Deposit. Within fifteen (15) business days after Preliminary Approval and subject to the conditions specified in this Settlement Agreement, Defendant shall deliver to the Claims Administrator the Gross Settlement Amount of $775,000.00. Upon receipt by the Claims Administrator, the Gross Settlement Amount shall be transferred immediately into a Qualified Settlement Fund pursuant to Internal Revenue Code Section 1.468B-1. Also within thirty (30) business days after Preliminary Approval, Defendant shall execute an election statement provided by the Claims Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund. No party shall have any further obligation or liability for any payment under this Agreement to Named Plaintiffs or to the Eligible Class Members.

b.    Disbursement by Claims Administrator. All disbursements shall be made from the Qualified Settlement Fund account. The Claims Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund Account. The Claims Administrator shall have the obligation to return the entire Qualified Settlement Fund (including all income and/or interest generated by the Qualified Settlement Fund) to Defendant at Defendant's election, less any amount for payment for work done by the Claims Administrator, in the event of failure or revocation of settlement, as defined in Paragraph 35, or in the event that this Settlement Agreement: (i) does not receive preliminary approval; (ii) does not receive final approval of the Court; (iii) is modified or reversed on appeal; or (iv) is otherwise rendered null and void pursuant to Paragraph 13 of this Agreement.

c.    Interest. The interest on the funds deposited by Defendant will inure *pro rata* to the party or persons to whom the underlying funds are ultimately paid out.

28.    Order of Payments. Before any Settlement Awards are paid to Eligible Class Members, the Claims Administrator shall make payments from the Qualified Settlement Fund pursuant to Paragraph 29 below for (a) the enhancement fund for the Named Plaintiffs for their efforts in bringing and prosecuting this matter; (b) the attorneys' fees and costs to Class Counsel

12

awarded by the Court; (c) the costs of administration of this settlement by the Claims Administrator; and (d) the amount to be set aside for any late claims or unanticipated expenses. Once the payments designated above have been made, the balance remaining shall constitute the Net Settlement Amount from which Settlement Awards shall be calculated.

29. <u>Named Plaintiffs, Class Counsel, Costs of Administration, and Hold-Back Fund.</u> Subject to Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid by the Claims Administrator from the Gross Settlement Amount:

a. <u>Enhancement Payment for Named Plaintiffs.</u> Subject to Court approval and in exchange for the release of all Claims Released, an enhancement fund in the amount of Ten Thousand dollars ($10,000) (allocated at $5,000 each) for each of the two Named Plaintiffs will be set aside for the Named Plaintiffs for their efforts in bringing and prosecuting this matter. The Qualified Settlement Fund shall issue a Form 1099 for these payments.

b. <u>Class Counsel.</u>

(i) Pursuant to Fed. R. Civ. P. 23(h), Class Counsel shall make a motion for reasonable attorneys' fees and costs. The attorneys' fees requested by Class Counsel shall not exceed one-third of the Gross Settlement Amount. These amounts will compensate Class Counsel for work already performed in this case as well as all of the work remaining to be performed in this case, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented and obtaining dismissal of the action.

(ii) Indiana Packers and its attorneys agree not to oppose the motion by Class Counsel for attorneys' fees and costs, so long as it is consistent with the provisions of this Settlement Agreement and Class Counsel agrees not to petition the Court for any additional payments for fees, costs, expenses, or interest, except as provided for herein.

(iii) The Claims Administrator shall pay the attorneys' fees and costs set forth above in Paragraph 29(b) from the Qualified Settlement Fund on the first business day following the Effective Date.

(iv) The attorneys' fees and costs approved by the Court pursuant to Paragraph 29(b) shall constitute full satisfaction of Indiana Packers' (and the Released Parties') obligations to pay amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Class and Collective Action incurred on behalf of the Named Plaintiffs and/or the Settlement Class, and shall relieve Defendant and the Released Parties from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs and/or the Settlement Class. Class Counsel further agrees that any allocation of fees between or among Class Counsel and any other attorney representing a Named Plaintiff and/or the Settlement Class shall be the sole responsibility of Class Counsel, and Class Counsel agrees to hold Defendant and the Released Parties from any claim or liability by any other party claiming or seeking to claim any attorneys' fees or costs.

13

(v)     A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to Class Counsel. Class Counsel agrees to hold harmless Defendant, the Released Parties and the Qualified Settlement Fund from any claim or liability for taxes, penalties or interest for which Class Counsel is responsible as a result of the payment or any allocation of the payment made to Class Counsel.

c.     Costs of Administration. Neither the Defendant, the Released Parties the Settlement Class nor Class Counsel shall have any responsibility or liability with respect to any administration costs incurred in connection with the administration of, and the distribution from, the Net Settlement Amount. All fees, costs, expenses and other claims administration by the Claims Administrator shall be paid from the Gross Settlement Amount as set forth in this Settlement Agreement. The Claims Administrator shall, no later than five business days before the Parties file their Joint Motion for Preliminary Approval of Settlement, provide counsel for the Parties with an estimate of such costs of administration (which are not expected to exceed Fifty-Thousand dollars ($50,000). Five (5) business days prior to the Settlement Fairness Hearing, the Claims Administrator shall provide the Court and counsel for the Parties with a statement detailing the actual costs of administration. The amount reported shall be the maximum amount that the Claims Administrator shall receive. To the extent that the amount reported does not exceed the currently projected funds set aside for estimated costs of administration, the remaining sums shall be deposited into the Qualified Settlement Fund. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement.

d.     In order to ensure the proper administration of this Settlement Agreement, an amount of Fifty-Thousand Dollars ($50,000) shall be allocated from the Gross Settlement Amount for payment of any agreed and allowed late claims. An Eligible Class Member who submits an allowed late claim shall not receive a greater proportion of this set aside amount than the proportion a similarly situated Eligible Class Member receives of the Net Settlement amount. In the event that the set aside amount is not exhausted by the payment of late claims and unanticipated expenses, any unexhausted amounts will revert one year after the Effective Date to Defendant.

30.     Settlement Awards to Eligible Class Members. Solely for purposes of effectuating this Settlement Agreement and in exchange for the release of Settled Claims, the Eligible Class Members and Named Plaintiffs shall be paid a Settlement Award from the Net Settlement Amount. The Claims Administrator, subject to Court approval, shall be responsible for receiving and reviewing the Claim Forms and Information Forms submitted by members of the Settlement Class and for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members. The Claims Administrator will receive or have access to personnel and payroll records from Defendant that will permit it to verify each Eligible Class Member's Settlement Award as follows:

a.     Eligible Class Members of the FLSA Collective shall be treated the same as Eligible Class Members of the Indiana State Claims Class for the purpose of calculating individual Settlement Awards. It is agreed and understood, however, that once an individual qualifies as an Eligible Class Member, he/she shall be entitled to recover only a single Settlement Award and

14

shall not receive a double recovery as a member of both the Indiana State Claims Class and the FLSA Collective.

      b.     The Claims Administrator will calculate an award for each Eligible Class Member as follows:

          (i)     Each Eligible Class Member's settlement share will be determined based on the total number of hours that the respective Eligible Class Member worked in an Associate Production role, whether the Eligible Class Member primarily worked at the Delphi or Frankfort facility, and whether the Eligible Class Member was involuntarily terminated from his/her employment at Defendant

          (ii)     Each Original FLSA Collective Member's settlement share shall take into account the total number of hours that the respective Original FLSA Collective Member worked in an Associate Production role between the period three years back from the date they filed their consent to sue form with the Court and the date of preliminary approval of this Settlement Agreement. The settlement shares of Eligible Class Members who are not Original FLSA Collective Members shall take into account the total number of hours that the respective Eligible Class Member worked in an Associate Production role during the period between July 18, 2022 and the date of preliminary approval of this Settlement Agreement;

          (iii)     The settlement shares for each Eligible Class Member will be added together pursuant to the formula set forth in detail in Exhibits A and C, and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Eligible Class Member's settlement share to determine the Eligible Class Member's Settlement Award;

      c.     Settlement Awards shall be paid to Eligible Class Members thirty (30) days after the Effective Date.

      d.     The Parties agree that fifty percent (50%) of each Settlement Award shall be treated as back wages paid by Defendant to each Eligible Class Member. Accordingly, on each Settlement Award, the Claims Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to fifty percent (50%) of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Defendant shall pay these taxes, which amount shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed to Eligible Class Members on the date specified in the Implementation Schedule, in addition to the $775,000 constituting the Gross Settlement Amount. Amounts withheld will be remitted by the Claims Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining fifty percent (50%) of each such Settlement Award shall be treated by all parties as non-wage penalties and liquidated damages, to be reported to the Eligible Class Member on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with the Claims Administrator to provide payroll tax information to the Claims Administrator as shall be necessary to accomplish the income and employment tax withholding on

the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

e.    All eligibility and Settlement Award determinations shall be based on personnel and payroll records that Defendant will make available as needed to the Claims Administrator. There is a rebuttable presumption that Defendant's personnel and payroll records are correct, but Settlement Class Members will have the opportunity, should they disagree with Defendant's records, to provide documentation and/or an explanation to show a contrary number of hours worked as an Associate Production employee, the location where they primarily worked, and the reason for separation (e.g. voluntary quit v. termination). As provided in Paragraph 23(a), each Claim Form or Information Form will contain a statement identifying the number of hours worked by the Settlement Class Member as an Associate Production employee, the location where the Settlement Class member primarily worked, and whether the Settlement Class Member was involuntarily terminated. If there is a dispute or contrary evidence, the Claims Administrator shall evaluate and make a determination based on all the information provided. Prior to accepting or rejecting an Eligible Class Member's documentation or explanation of disagreement, the Claims Administrator shall provide written notice of the issue to Class Counsel and Defendant's Counsel within five business days of the Claims Administrator receiving notice of the disagreement and allow five business days for counsel to propose an amicable resolution of the issue through meet and confer. The Claims Administrator's decision regarding whether the Eligible Class Member was involuntarily terminated, where they primarily worked, and the number of Associate Production hours they worked will be final. The Claims Administrator will notify the Eligible Class Member, Class Counsel and Defendant's Counsel by email of its decision within five business days of the meet and confer meeting set forth in this subparagraph 30(e). If the Claims Administrator determines that the Eligible Class Member's estimate of hours worked location primarily worked, and/or reason for separation (e.g. voluntary quit v. termination) is correct, that change will be reflected in the Eligible Class Member's Settlement Award.

f.    The Claims Administrator shall provide Class Counsel and Defendant's Counsel with a final statement listing all Eligible Class Members identifying whether the Eligible Class Member was involuntarily terminated, the location the Eligible Class Member primarily worked, and the number of Associate Production hours worked by the Eligible Class Member, and the approximate Settlement Award to, each Eligible Class Member at least five (5) business days before the Settlement Awards are provided to the Eligible Class Members.

g.    The Parties may seek review of a determination of the Claims Administrator or other dispute regarding the interpretation or implementation of the Settlement Agreement by the Court after the Parties confer in good faith in an effort to resolve any disagreement. Matters may be brought to the Court's attention by motion consistent with the requirements of the Local Rules of the United States District Court for the Northern District of Indiana. The Court may order discovery necessary to resolve the disagreement for good cause shown.

h.    All checks for Settlement Awards shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed by an Eligible Class Member within that time, at which time the Eligible Class Member's right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to an Escrow Account maintained by the

16

Claims Administrator (hereafter referred to as a "hold-back fund" or "set-aside amount") for late claims. The Claims Administrator will include with the checks a letter in English and Spanish stating that the check must be cashed or deposited within 180 days or it will be cancelled.

i.      The aggregate amount of the Settlement Awards to Eligible Class Members shall not under any circumstances exceed the Net Settlement Amount. Other than to the Named Plaintiffs as set forth herein, neither the Defendant nor the Released Parties shall have any obligation to pay any amounts to Eligible Class Members in excess of approved claims for Settlement Awards as calculated in accordance with this Settlement Agreement.

j.      Any late claims which are paid out of the hold-back fund may be paid every ninety (90) days. The parties shall jointly seek the Court's written approval concerning the payment of any late claims made upon the hold-back fund. The value of claims paid to Eligible Class Members shall provide the basis for payments made to Settlement Class Members who submit late claims. For example, someone who primarily worked at the Delphi facility, who worked for 2000 hours and who was not involuntarily terminated who filed a late claim would receive the same amount as someone who primarily worked at the Delphi facility, who worked for 2000 hours and who was not involuntarily terminated who filed a timely claim.

31.     <u>Completion of and Report on Settlement Administration</u>. The Claims Administrator shall keep counsel for the Parties apprised of all distributions from the Net Settlement Amount. Administration of the settlement shall be completed on or before the date specified in the Implementation Schedule. Upon completion of administration of the settlement, the Claims Administrator shall provide written certification of such completion and provide proof of payment to the Court and counsel for the Parties, The Claims Administrator also shall furnish counsel for the Parties with a report showing the names, amounts and dates of each payment.

32.     <u>Date of Distribution</u>. In no event shall there be any distribution from the Net Settlement Amount to any Named Plaintiff or Eligible Class Member until after the Effective Date.

33.     <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>. No person shall have any claim against Defendant or any of the Released Parties, the Named Plaintiffs, the Settlement Class, Class Counsel or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## VII.    **DISPUTE RESOLUTION**

34.     Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

a.      If the Named Plaintiffs or Class Counsel, on behalf of the Named Plaintiffs or any Settlement Class Member, or Defendant at any time believes that the other party has breached or acted contrary to the Settlement Agreement, that party shall notify the other party in writing of the alleged violation.

b.    Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) business days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

c.    If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) business days to resolve their differences.

d.    If Class Counsel and Defendant are unable to resolve their differences after twenty (20) business days, either party may file an appropriate motion for enforcement with the Court. The briefing of such motion should be consistent with the requirements of the Local Rules of the United States District Court for the Northern District of Indiana.

## VIII.    FAILURE OF SETTLEMENT; APPELLATE REVIEW

35.    Effect of Revocation or Failure of Settlement. In the event that the settlement does not become final for any reason, this Settlement Agreement shall be null and void and any order entered by the Court in furtherance of this settlement shall be treated as void *ab initio*. In such a case, the Parties shall return to the status quo as if the Parties had not entered into this Settlement Agreement. In addition, in such event, the Settlement Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties, and all evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in the Class and Collective Action or otherwise. In addition, any funds used or to be used to pay Settlement Awards, the enhancement fund to the Named Plaintiffs, and attorneys' fees and costs to Class Counsel, or to fund the Escrow Account, shall be returned to their respective status as of the date and time immediately prior to the execution of this Settlement Agreement, and the parties shall proceed in all respects as if this Settlement Agreement had not been executed. The Claims Administrator will be paid by Defendant for its reasonable and documented costs through the date it is notified that the settlement will not proceed.

36.    Impact of Appellate Review. In the event an appeal is filed from any of the Court's Orders, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review, except that the Claims Administrator will be paid by Defendant for its costs through the date it is notified that the settlement has been stayed by appellate review.

## IX.    MISCELLANEOUS

37.    The Parties agree to diligently prepare and execute this Settlement Agreement and the Motion for Preliminary Approval of Settlement.

38.    No Admission of Liability or Wrongdoing. Defendant denies any and all claims alleged in the Class and Collective Action and denies all wrongdoing and liability whatsoever. This Settlement Agreement is not a concession or admission, and shall not be used against Defendant or the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Defendant or the Released Parties. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof,

shall in any event be: (i) construed as, offered or admitted in evidence as, received as, or deemed to be, evidence for any purpose, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant or the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed or referred to for any purpose, or offered or received in evidence, in any further proceeding in the Class and Collective Action, or any other civil, criminal or administrative action or proceeding against Defendant or the Released Parties except for purposes of settling this Class and Collective Action pursuant to this Settlement Agreement.

39.    No Publicity. Class Counsel and Named Plaintiffs agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press or media about this case and/or the fact, amount or terms of the Settlement. If Class Counsel or Named Plaintiffs are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the parties' mutual satisfaction.

40.    Various Proceedings Stayed. The Parties agree to hold all proceedings in the Class and Collective Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement, in abeyance pending the Settlement Fairness Hearing to be conducted by the Court.

41.    Use of Defendant's Data and Documents. The Named Plaintiffs and Class Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than the mediation and the effectuation of this Class and Collective Action.

42.    Defense Fees and Costs. All of Defendant's own attorneys' fees and legal costs and expenses incurred in the Class and Collective Action shall be borne by Defendant from Defendant's separate funds and not from the Gross Settlement Amount.

43.    Amendment or Waiver Only in Writing. This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. No rights hereunder may be waived except in writing.

44.    Complete Agreement. This Settlement Agreement and any attached Exhibits set forth the complete agreement between the parties relating to the Settlement and any and all payments or obligations owed or potentially owed by Defendant or the Released Parties to the Original FLSA Collective Members, Eligible Class Members, Plaintiffs, Class Counsel, or anyone else in connection with the Class and Collective Action, and to the other subjects identified herein. Plaintiffs and Class Counsel acknowledge and agree that, in executing this Agreement, they do not rely and have not relied upon any representations or statements not set forth herein made by Defendant or the Released Parties with regard to the subject matter, basis, or effect of this Settlement Agreement, the benefits to which a Settlement Class Member is or may be entitled, or any other matter. *Notwithstanding the foregoing,* nothing in this Settlement Agreement is intended to or shall limit, supersede, nullify, or affect any other duty or responsibility that a Settlement Class Member may have or owe to Defendant by virtue of any separate agreement or obligation.

45.    Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate. Counsel for all Parties warrant and represent that they are expressly authorized by the

Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

46.     Binding Upon Successors and Assigns. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties and the Parties, as previously defined.

47.     No Prior Assignment. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

48.     Governing Law. All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Indiana and the United States of America, where applicable.

49.     Counterparts. This Settlement Agreement may be executed in one or more counterparts and by electronic signature or facsimile. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

50.     Exhibits. The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement. Unless specifically provided otherwise in the Exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

51.     Construction. The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Class and Collective Action and have arrived at this Settlement Agreement in arms-length negotiations and with the assistance of a professional mediator, taking into account all relevant factors, present and potential. This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

52.     Retention of Jurisdiction. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto

20

submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

53.    <u>Agreement of Named Plaintiffs</u>. The Named Plaintiffs agree not to object to or appeal any of the terms of this Settlement Agreement. Non-compliance by the Named Plaintiffs with this paragraph shall be void and of no force or effect. Any such objection shall therefore be void and of no force or effect.

54.    <u>No Injunctive or Prospective Relief</u>. As part of this Settlement Agreement, Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive or prospective relief.

55.    <u>No Signature Required by Collective and Class Members on Settlement Agreement</u>. Because the Settlement Class Members are so numerous, it is impossible or impractical to have each one execute this Settlement Agreement. The Collective and Class Notice and Notice to Original FLSA Collective Members and accompanying Exhibits will advise Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member. Original FLSA Collective Members have already executed and filed with the Court consents to sue agreeing to be bound by any settlement. Those signed consents to sue confirm the enforceability of the releases herein and shall have the same binding force and effect as if this Settlement Agreement were executed by each Original FLSA Collective Member.

56.    <u>Titles and Captions of No Force</u>. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

57.    <u>Mutual Full Cooperation</u>. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.

58.    <u>Invalid Without Court Approval</u>. This Settlement Agreement is subject to approval by the Court. In the event it is not approved, it shall be deemed null and void, of no force and. effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this
_____ day of _____July_____, 2025:

**On Behalf of Plaintiffs and the Class**

_____        Date: 07/04/25 _____
Tremaine Rhines


_____        Date: _____
Haley Cage



_____
Jacob R. Rusch
Zackary S. Kaylor
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
T: 612-436-1800
F: 612-436-1801
E: jrusch@johnsonbecker.com
E: zkaylor@johnsonbecker.com

Robert T. Dassow
**HOVDE DASSOW & DEETS, LLC**
10201 N. Illinois Street, Suite 500
Indianapolis, Indiana 46209
T: 317-818-3100
F: 317-818-3111
E: rdassow@hovdelaw.com

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this _____ day of _____, 2025:

**On Behalf of Plaintiffs and the Class**


_____                Date: _____

Tremaine Rhines


_____                Date: 07/03/25 _____

Haley Cage



_____

Jacob R. Rusch
Zackary S. Kaylor
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
T: 612-436-1800
F: 612-436-1801
E: jrusch@johnsonbecker.com
E: zkaylor@johnsonbecker.com

Robert T. Dassow
**HOVDE DASSOW & DEETS, LLC**
10201 N. Illinois Street, Suite 500
Indianapolis, Indiana 46209
T: 317-818-3100
F: 317-818-3111
E: rdassow@hovdelaw.com

23

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this _____ day of _____, 2025:

**On Behalf of Plaintiffs and the Class**

_____          Date: _____
Tremaine Rhines


_____          Date: _____
Haley Cage



_____
Jacob R. Rusch
Zackary S. Kaylor
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
T: 612-436-1800
F: 612-436-1801
E: jrusch@johnsonbecker.com
E: zkaylor@johnsonbecker.com

Robert T. Dassow
**HOVDE DASSOW & DEETS, LLC**
10201 N. Illinois Street, Suite 500
Indianapolis, Indiana 46209
T: 317-818-3100
F: 317-818-3111
E: rdassow@hovdelaw.com

**On Behalf of Indiana Packers**

Date: 7/7/2025

Name: Jay H. Greathouse

Title: Chief Compliance Officer & VP of HR

Peter A. Morse, Jr.
Richard P. Winegardner
**BARNES & THORNBURG, LLP**
11 South Meridian Street
Indianapolis, Indiana 46204